# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-20297
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GIL MORALES-ESPINOZA, also known as Gil Morales, also known as Juan
Jose Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-517-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gil Morales-Espinoza appeals the within guidelines sentence imposed following his guilty plea to illegal reentry. He argues that the district court procedurally erred in failing to consider his nonfrivolous argument that the nature and circumstances of his aggravated assault and kidnapping convictions warranted a non-guidelines sentence. Because he failed to raise this procedural

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objection below, review is for plain error only. *See United States v. Mondrgaon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States,* 551 U.S. 338, 356 (2007). The sentencing judge, however, should say more "'[w]here the defendant . . . presents nonfrivolous reasons for imposing a different sentence.'" *United States v. Whitelaw*, 580 F.3d 256, 261 (5th Cir. 2009) (quoting *Rita*, 551 U.S. at 356-57). Morales-Espinoza's contention that he presented the district court with a nonfrivolous reason in favor of a non-guidelines sentence is refuted by the presentence report's description of the violent nature of his aggravated assault and kidnapping offenses. Moreover, the record supports a determination that the district court did indeed consider Morales-Espinoza's downward departure argument. Having imposed a within guidelines sentence, the district court was not required to provide extensive reasons for the sentence under these circumstances. *See Rita*, 551 U.S. at 356.

AFFIRMED.